UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ULYSE LUGO,

                        Plaintiff,                   23-CV-5602 (VEC) (VF)

          -against-                               **ORDER**

MARTHA VITALE et al.,

                        Defendants.

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff, who is appearing *pro se*, brings this action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging that he was denied adequate medical care when he was incarcerated at the Metropolitan Correctional Center in New York, New York.

DISCUSSION

      By order dated September 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 6. Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore

extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

To allow Plaintiff to effect service on Defendants Warden Martha Licon Vitale, Deputy Captain James Healey, Lt. Judith Woods, Lt. Marquea Rice, Joseph Columbo, R.N., Yoon Kang, R.N., and Rachel Sabatura, R.N. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for all Defendants. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff at U.S.P. Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant (checking the box for service on the U.S.A.), and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

**SERVICE ADDRESS FOR DEFENDANTS**

1. Irene Chan, Staff Attorney, CLC New York, 80 29th St. Brooklyn, NY, 11232