UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULYSE LUGO,

                            Plaintiff,

           -against-

FEDERAL BUREAU OF PRISONS, et al.

                          Defendants.

23-CV-5602 (VEC) (VF)

ORDER ADOPTING REPORT & RECOMMENDATION

---

VALERIE CAPRONI, United States District Judge:

Plaintiff Ulyse Lugo sued the Federal Bureau of Prisons ("BOP"), BOP Health Services, Warden Martha Licon Vitale, Deputy Captain James Healey, Lieutenant Judith Wood, Lieutenant Marquea Rice, Joseph Columbo, Yoon Kang, Rachel Sabatura, and Dr. Robert Beaudouin (collectively, "Defendants"). *See* Am. Compl. Dkt. 23. Plaintiff alleges that staff members at the New York Metropolitan Correctional Center ("MCC"), in which he was incarcerated as a pre-trial detainee, were deliberately indifferent to his medical needs. He appears to assert claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Defendants moved to dismiss. *See* Mot. to Dismiss, Dkt. 28 (the "Motion" or "Mot."). Plaintiff did not oppose. The Motion is GRANTED.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, pled guilty to narcotics-related charges and is currently serving an 80-month sentence at United States Penitentiary Canaan in Waymart, Pennsylvania. *See* Jan. 2, 2024, Order, Dkt. 16; *United States v. Wilson*, 20-CR-126 (S.D.N.Y.), Judgment, Dkt. 431 at 1–2. This lawsuit arises out of an October 2020 altercation at the MCC, in

1

which Plaintiff was a pre-trial detainee.  *See* Am. Compl. at 6.[1]  Plaintiff alleges that MCC staff did not adequately treat the injuries he sustained after the altercation, causing his wounds to become infected and leading to Post-Traumatic Stress Disorder, anxiety, and insomnia.  *Id.* at 5–7.

Plaintiff originally named the State of New York as a defendant in addition to several John and Jane Doe defendants.  *See* Compl., Dkt. 1.  The Court issued an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), dismissing the State as a defendant and ordering the United States Attorney's Office to identify the Doe defendants.  *See* Oct. 10, 2023, Order, Dkt. 10 at 1.  The Court also referred the case to Magistrate Judge Figueredo for general pretrial case management and for reports and recommendations on dispositive motions.  *See* Oct. 23, 2023, Order, Dkt. 8.

After the United States Attorney's Office complied with the Court's *Valentin* Order, Plaintiff filed an Amended Complaint naming the BOP, BOP Health Services, Warden Martha Licon Vitale, Deputy Captain James Healey, Lieutenant Judith Wood, Lieutenant Marquea Rice, Joseph Columbo, Yoon Kang, Rachel Sabatura, and Dr. Robert Beaudouin as Defendants.  Am. Compl. at 1–2.  The Amended Complaint recounts Plaintiff's allegations about the circumstances surrounding the October 2020 altercation and MCC's response, but it does not specify the legal basis for Plaintiff's claims.  *Id.* at 6–8.

Defendants moved to dismiss the Amended Complaint.  *See* Mot.  After Plaintiff's deadline to oppose the Motion elapsed, Magistrate Judge Figueredo issued an order adjourning the deadline and stating that failure to respond to the Motion by the newly extended deadline

---

[1] The Court cites to the ECF-provided pagination of the Amended Complaint.

2

would result in it being decided solely on the basis of Defendants' submissions.  *See* Mar. 11, 2025, Order, Dkt. 40 at 1.  Plaintiff did not respond.

Magistrate Judge Figueredo issued a Report & Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted without prejudice and with leave to amend.  *See* R&R, Dkt. 41.  Magistrate Judge Figueredo amended the R&R several weeks later to recommend that, to the extent Plaintiff's claims may be interpreted to arise pursuant to the FTCA, those claims should be dismissed without prejudice.  *See* Am. R&R, Dkt. 44 at 9–13.  The Amended R&R further recommends that, to the extent Plaintiff's claims may be interpreted to arise pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), those claims should be dismissed with prejudice.  *See id.* at 13–30.  Neither party objected to the Amended R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the Amended R&R reveals that there is no clear error in its conclusions.  The Court agrees with Magistrate Judge Figueredo that the Amended Complaint should be construed to raise claims pursuant to the FTCA and *Bivens*.  To the extent Plaintiff intends to raise an FTCA claim, the Court agrees that Plaintiff has not alleged exhaustion of his administrative remedies as required by the statute and that prematurely-filed FTCA claims should be dismissed without prejudice.  *See* Am. R&R at 11–13.  To the extent Plaintiff intends

3

to raise a Fifth Amendment claim for deliberate indifference to serious medical needs pursuant to *Bivens*, the Court agrees that, even if Plaintiff has alleged, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e, that he was prohibited from exhausting his administrative remedies or that pursuing administrative remedies would have been futile, *Bivens* does not offer a remedy for Fifth Amendment deliberate indifference claims. Am. R&R at 13–24. The Court also agrees that, even if a *Bivens* remedy were available for such claims, Plaintiff has failed to plead a plausible claim. *Id.* at 25–30.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Amended R&R in full. Accordingly, Defendants' motion to dismiss is GRANTED. To the extent Plaintiff intended to raise claims pursuant to the FTCA, those claims are DISMISSED WITHOUT PREJUDICE. To the extent Plaintiff intended to raise claims pursuant to *Bivens*, those claims are DISMISSED WITH PREJUDICE.

Because neither party objected to the Amended R&R, and because the Amended R&R expressly warned that the failure timely to object would result in the waiver of any such objections, *see* Am. R&R at 34, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604–05 (2d Cir. 2008).

**SO ORDERED.**

**Date:  August 19, 2025**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**